IRELL & MANELLA LLP
Morgan Chu (70446) (mchu@irell.com)
Perry M. Goldberg (168976) (pgoldberg@irell.com)
Adam Hoffman (218740) (ahoffman@irell.com)
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067-4276
(310) 277-1010 (phone)
(310) 203-7199 (fax)

Attorneys for Plaintiff TiVo Inc.

ORIGINAL FILED
MAY 1 7 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TIVO INC.,
a Delaware corporation,
    Plaintiff,
v.
FORGENT NETWORKS, INC.
a Texas corporation,
    Defendant.

Case No. C 07 2629 HRL

COMPLAINT FOR DECLARATORY JUDGMENT OF EQUITABLE ESTOPPEL, AND PATENT NON-INFRINGEMENT AND INVALIDITY

DEMAND FOR JURY TRIAL

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1693538

COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff TiVo Inc. ("TiVo"), for its complaint against Defendant Forgent Networks, Inc. ("Forgent"), alleges as follows:

### Jurisdiction and Venue

1. This action includes claims for declaratory relief of equitable estoppel and patent noninfringement and invalidity arising under the patent laws of the United States, including Title 35 of the United States Code.

2. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338(a), and 2201. As set forth in more detail below, an actual controversy exists between TiVo and Forgent regarding equitable estoppel, noninfringement and invalidity of the '746 patent.

3. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b). TiVo's principle place of business is in this judicial district, Forgent has directed substantial communications demanding the creation of a patent license to TiVo in this judicial district, and Forgent's representatives have traveled into this district to present its demands to TiVo in person.

### The Parties

4. Plaintiff TiVo is a Delaware corporation with its principle place of business at 2160 Gold Street, Alviso, California, 95002-2160.

5. Defendant Forgent is a Texas corporation with corporate headquarters located at 108 Wild Basin Drive, Austin, Texas 78746.

### Intradistrict Assignment

6. Pursuant to Civil Local Rule 3-2(c) and the Court's Assignment Plan, because this action is an Intellectual Property Action, it is properly assigned to any of the divisions in the Court.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

7. United States Patent No. 6,285,746 B1 (the "'746 Patent"), entitled "Computer Controlled Video Systems Allowing Playback During Recording," was issued on September 4, 2001 to several inventors.

8. TiVo is informed and believes and on that basis alleges that these inventors assigned all rights, title and interest in and to the '746 patent to VTel Corporation. TiVo is informed and believes and on that basis alleges that VTel Corporation later changed its name to Forgent Networks, Inc., which now owns all rights, title and interest in and to the '746 patent. A true and correct copy of the '746 patent is attached hereto as Exhibit A.

9. TiVo is a pioneer in the field of Digital Video Recorder ("DVR") technology, and the owner of multiple foundational patents in the field. TiVo's principal line of business is the sale of DVR products and services, either directly or with distribution partners such as the satellite television provider DirecTV and numerous cable television providers.

10. Forgent's public filings and website describe it as having two lines of business: providing scheduling and asset management software, and licensing Forgent's patents. According to its public filings, the vast majority of Forgent's revenue comes from its patent licensing line of business. Forgent's public statements indicate that its strategy for obtaining patent licenses is based on identifying target companies and then suing or threatening to sue these companies for patent infringement. Numerous commentators have described Forgent as an archetypical "patent troll."

11. After the issuance of the '746 patent, Forgent contacted TiVo and demanded that TiVo take a license to the '746 patent. A lengthy correspondence regarding this demand followed, including over a dozen letters addressed to TiVo at its Alviso, California offices.

12. On April 30, 2002, representatives of Forgent met with TiVo's general counsel at TiVo's offices in Alviso, California. At that meeting, Forgent made a detailed presentation asserting that TiVo's DVRs infringe the '746 patent, and that in Forgent's view any device having DVR functionality infringes the '746 patent.

1    13.    On August 23, 2002, Forgent informed TiVo by letter that "Forgent Networks has every intention of enforcing the '746 Patent against the willful infringement thereof by your company."

4    14.    On September 30, 2002, TiVo informed Forgent that TiVo had investigated Forgent's assertions of infringement, and determined that TiVo's products do not infringe the '746 patent, and that the '746 patent is invalid under 35 U.S.C. §§ 102 and 103.

7    15.    Forgent disputed TiVo's assertion of noninfringement and invalidity of the '746 patent by letter dated November 7, 2002, and sent another letter on January 7, 2003. Forgent has made no direct communication to TiVo regarding alleged infringement of the '746 patent since January 7, 2003.

11   16.    In August 2004, Forgent's wholly owned subsidiary, Compression Labs, Inc., sued TiVo and numerous other defendants for alleged infringement of another, unrelated Forgent patent (U.S. Patent No. 4,698,672). This suit was settled in October 2006.

14   17.    On July 14, 2005, Forgent filed a patent infringement suit in the Eastern District of Texas alleging infringement of the '746 patent by several makers and distributors of DVRs. *Forgent Networks, Inc. v. EchoStar Technologies Corporation, et al.*, C.A. No. 6:06-CV-208 (E.D. Texas) (the "Texas Litigation"). This litigation eventually included 18 defendants, representing every major manufacturer and distributor of DVRs in the country *except* TiVo.

19   18.    These defendants included DirecTV, and Forgent alleged that DVRs co-branded by TiVo and DirecTV infringe the '746 patent. TiVo was not a party to the case, and Forgent never asserted that TiVo should be joined as a party.

22   19.    Notwithstanding Forgent's failure to take any action against TiVo since 2003, TiVo now is informed and believes that Forgent has changed course and now does intend to demand that TiVo take a license to the '746 patent and/or assert the '746 patent against TiVo.

25   20.    In June 2006, one of the defendants in the Texas Litigation initiated an *inter partes* reexamination of the '746 patent before the U.S. Patent and Trademark Office (the "PTO"). All of the claims of the '746 patent currently stand rejected as being invalid under the United States patent laws. On October 26, 2006, the PTO rejected all five claims of the '746 patent on the

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1693538                                          - 3 -                    COMPLAINT AND DEMAND FOR JURY TRIAL

1 ground that they were anticipated under 35 U.S.C. 102 and obvious under 35 U.S.C. 103 in light
2 of numerous prior patents, patent applications and publications, including a prior patent owned by
3 TiVo. Reexamination procedures continue before the PTO.

4   21.   There is an actual and justiciable controversy between TiVo and Forgent, under all
5 the circumstances, of whether Forgent should be estopped from asserting the '746 patent against
6 TiVo. Forgent approached and threatened TiVo with suit shortly after the '746 patent issued in
7 late 2001, and kept making threats for the next year. Then, in January 2003, Forgent ceased these
8 communications, and has made no threat or demand to TiVo regarding the '746 patent in
9 subsequent period of more than four years. During these years, Forgent has sued TiVo on an
10 unrelated patent, and Forgent has sued every major player in the DVR industry except TiVo for
11 infringement of the '746 patent, including in that suit products co-branded by TiVo. Forgent has
12 all the while made no threat or demand to TiVo regarding the '746 patent. TiVo, however, has
13 learned recently that Forgent does plan to demand a license from and/or sue TiVo over the '746
14 patent.

15   22.   There is also an actual and justiciable controversy between TiVo and Forgent,
16 under all the circumstances, of whether TiVo's DVRs infringe the '746 patent and whether the
17 patent is valid. TiVo has therefore requested resolution of this controversy in this Complaint.

18           **COUNT I - Declaration of Equitable Estoppel Regarding the '746 Patent**

19   23.   TiVo re-alleges and incorporates herein by reference each and every allegation
20 contained in paragraphs 1 through 22 inclusive, as set forth above.

21   24.   Through its conduct, Forgent has represented to TiVo that claims of patent
22 infringement under the '746 patent would not by raised against TiVo, and TiVo has reasonably
23 relied on Forgent's representations to TiVo's detriment. Accordingly, Forgent is equitably
24 estopped from enforcing the '746 patent against TiVo, and TiVo is entitled to a declaration to that
25 effect.

26           **COUNT II - Declaration of Non-infringement and Invalidity of the '746 Patent**

27   25.   TiVo re-alleges and incorporates herein by reference each and every allegation
28 contained in paragraphs 1 through 24, inclusive, as set forth above.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1693538                                - 4 -                COMPLAINT AND DEMAND FOR JURY TRIAL

26. TiVo has not infringed, is not now infringing, and is not contributing to or inducing infringement of any valid and enforceable claims of the '746 patent, either directly or under the doctrine of equivalents, and is entitled to a declaration to that effect.

27. One or more claims of the '746 patent are invalid for failing to comply with one or more provisions of the patent law of the United States, including without limitation 35 U.S.C. §§ 101, 102, 103, and 112, and TiVo is entitled to a declaration to that effect.

**PRAYER FOR RELIEF**

WHEREFORE, TiVo prays as follows:

a. For a declaration that Forgent is equitably estopped from enforcing the '746 patent;

b. For a declaration that TiVo does not infringe any claim of the '746 patent and that the '746 patent is invalid;

c. For an award of attorneys' fees to TiVo pursuant to 35 U.S.C. § 285 or any other applicable laws;

d. For an award of costs to TiVo;

e. For an award of interest to the extent allowed by law; and

f. For such other and further relief as the Court deems just and proper.

Dated: May 16, 2007

Respectfully submitted,

IRELL & MANELLA LLP

_____
Morgan Chu
Perry M. Goldberg
Adam Hoffman
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel: (310) 277-1010

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b) and Civil L.R. 3-6(a), Plaintiff TiVo Inc. respectfully demands a jury trial on any and all issues triable as of right by a jury in this action.

Dated: May 16, 2007

Respectfully submitted,

IRELL & MANELLA LLP

_____
Morgan Chu
Perry M. Goldberg
Adam Hoffman
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel: (310) 277-1010

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1693538

- 6 -

COMPLAINT AND DEMAND FOR JURY TRIAL